IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

   v.

HILLSTONE RESTAURANT GROUP, INC.,

                Defendant.

-------------------------------------------------------x

Civil Action No.

COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Charging Party Tracye Shearin and a class of similarly aggrieved individuals who were denied employment because of their age. As alleged with greater particularity in paragraph 9 below, Defendant Hillstone Restaurant Group, Inc. ("Defendant" or "Hillstone") failed to hire Shearin and other qualified applicants age 40 and older because of their age while hiring less qualified younger applicants for front-of-house positions at its two New York City locations. Defendant's hiring practices have been undertaken with the purpose and have had the effect of denying older applicants employment because of their age, in violation of the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.   The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.   At all relevant times, Defendant Hillstone, a Delaware corporation, has continuously been doing business in the State of New York and the City of New York, and has continuously had at least 20 employees.

5.   At all relevant times, Defendant Hillstone has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.   Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.   Defendant operates approximately 40 upscale restaurants across the country under various brand names, including Hillstone.

8. Defendant has two New York City locations – Midtown and Park Avenue South.

9. Since at least 2017, Defendant has engaged in unlawful employment practices at its Midtown and Park Avenue South Hillstone locations in New York City, in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a). These unlawful practices include but are not limited to the following:

(a) Defendant has intentionally discriminated against older applicants because of their age by maintaining hiring practices through which Defendant intentionally denied employment opportunities to qualified older applicants in favor of equally or less qualified younger applicants.

(b) Defendant's hiring practices disproportionately exclude older applicants from employment and constitute a pattern or practice of discrimination based on age.

(c) The positions for which Defendant unlawfully failed to hire qualified older applicants include but are not limited to front-of-house positions, such as servers, hosts/greeters, and bartenders.

(d) Defendant's senior management, either directly or implicitly, instructed their managers to hire younger applicants. When managers recommended that Defendant hire older qualified individuals, its senior managers would reject those applicants as "too old" or "not the demographic" Defendant wanted to hire. Defendant's senior managers also expressed concern about older applicants' "energy."

(e) During the period of January 1, 2017 through July 15, 2018, there was a statistically significant disparity at both locations in the number of individuals age 40 and older hired for front-of-house positions compared to the number of individuals under age 40 hired.

(f) Charging Party Shearin applied to the Midtown and Park Avenue South locations on multiple occasions in early 2018, both online and in person. At the time of her applications, she was 52 years old and had approximately 30 years of experience as a server at fine dining restaurants such as The Rainbow Room and The Palm.

(g) In January 2018, Defendant interviewed Shearin at the Park Avenue South location. While there, Shearin noticed that nearly everyone working at the restaurant was young – she did not see anyone who looked more than 30-32 years old.

(h) Defendant did not hire Shearin.

(i) In January 2018, Shearin also submitted an online application to the Midtown location. She received a form rejection email.

(j) Shearin continued to see postings for server positions at both locations and, in March 2018, she submitted another online application. On the advice of a friend, she removed the date of her college graduation from her submission. This time, Defendant sent her a message inviting her to come to the Park Avenue South location to apply in person.

(k) Shearin applied again in person and received an interview. The interviewer made favorable comments about Shearin's restaurant experience and asked her for her availability. Shearin told him that she was unemployed and had open availability. The interviewer said he would pass her application on to the General Manager.

(l) Shearin never heard back from Defendant.

(m) Since at least 2017, Defendant has hired younger applicants for front-of-house positions, some with little to no restaurant experience, including a 21-year-old whose only food-related experience involved working at an Italian ice stand in high school. During the same

period, older applicants with significantly more restaurant experience, like Shearin, applied for employment with Defendant but were not hired.

10. The effect of the practices complained of in paragraph 9 above has been to deprive Shearin and other older applicants of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their age.

11. The unlawful employment practices complained of above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age, including, but not limited to, denying employment on the basis of age.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to provide training specific to the ADEA for supervisors and managers at its Midtown and Park Avenue South locations.

D. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to, Shearin and other similarly aggrieved individuals age 40 and older who were not hired because of their age.

E.  Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to, instatement or front pay in lieu of instatement of individuals denied employment because of their age.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: April 14, 2022
New York, New York

Respectfully Submitted,

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

JEFFREY R. BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

NORA E. CURTIN
Supervisory Trial Attorney
nora.curtin@eeoc.gov

 /s/ Renay M. Oliver
Renay M. Oliver
Trial Attorney

                                              EQUAL EMPLOYMENT OPPORTUNITY
                                              COMMISSION
                                              New York District Office
                                              33 Whitehall Street
                                              5th Floor
                                              New York, NY 10004
                                              (929) 506-5289 (p)
                                              (212) 336-3623 (f)
                                              renay.oliver@eeoc.gov