```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:_____
DATE FILED: 2/8/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,

       v.

HILLSTONE RESTAURANT GROUP, INC.,

                  Defendant.
-------------------------------------------------------

22 CIV. NO. 03108(ALC)(RWL)

**Joint Electronic Discovery**
**Submission No. 1 and**
**[Proposed] Order**

One or more of the parties to this litigation have indicated they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Submission and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this submission may become necessary as more information becomes known to the parties.

1. **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2017 to May 30, 2017"]:**

   Action under the Age Discrimination in Employment Act (ADEA) pertaining to the defendant's hiring practices for public-facing (front-of-house) positions since at least January 1, 2017, to present.

    **a.  Estimated amount of Plaintiff(s)' Claims:**

      _X_ Monetary (absolute number or range): <u>Damages in excess of</u>
<u>$1,650,000, to be determined by a jury.</u>
      _X_ Equitable Relief (if so, specify) <u>Injunctive relief to remedy the unlawful</u>
<u>hiring practices, including hiring goals for individuals 40 years old and</u>
<u>older.</u>
      ___ Other (if so, specify) _____

    **b. Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

      ___ Monetary (absolute number or range):$_____
      ___ Equitable Relief (if so, specify) _____
      ___ Other (if so, specify) _____

**2.  Competence**. Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**3.  Meet and Confer**. Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference. Counsel certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s):  <u>November 1, 2022;</u>
<u>November 21, 2022; December 15, 2022.</u>

**4.  Unresolved Issues: The following issues concerning discovery of electronic information remain outstanding and/or require court intervention (check all that apply):**

  __ Preservation
  _X_ Search and Review
  _X_ Sources of Production
    <u>As noted below, the parties have agreed that they need more information</u>
    <u>before agreeing on search and review protocols and will meet and confer on</u>
    <u>this after the exchange of initial productions of documents.  No court</u>
    <u>intervention is required at this time.</u>
  __ Forms of Production
  __ Identification or Logging of Privileged Material
  __ Inadvertent Production of Privileged Material
  __ Cost Allocation
  __ Other (specify): _____

5. **Preservation.**

   a. **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which data is maintained; identification of computer system(s); and identification of the individual(s) responsible for data preservation, etc. To the extent the parties have reached agreement as to preservation of electronic information, provide details below:**

      The parties have agreed to preserve all electronic data in their custody and control, and to advise any potential witnesses with whom they are in contact to preserve any electronic data in those individuals' possession. In particular, Defendant will preserve all emails, electronic application information, electronic scheduling information, and will also ensure that its employees preserve any electronic communications related to this action that are on their personal devices.  Plaintiff will preserve all electronic information in its possession and will instruct Charging Party and all claimants to preserve any emails, text messages, word documents, or other information in those individuals' possessions.

   b. **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:**

      The parties have not disclosed the specifics of "litigation hold" communications.

   c. **The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:**

      The parties are not aware of any anticipated issues at this time.

6. **Search and Review.**

   a. **The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored**

**information will be searched; testing; sampling; etc. To the extent
the parties have reached agreement as to search and review
methods, provide details below:**

The parties have agreed that they need more information before
developing a search and review protocol.  To that end, the parties have
agreed to meet and confer on custodians, search terms, and any other
relevant protocols for search and review within 30 days of their first
production of responsive documents.

**b. The parties anticipate the need for judicial intervention regarding the
following issues concerning the search and review of electronically
stored information:**

The parties are not aware of any anticipated issues at this time.

7. **Production.**

**a. *Source(s) of Electronically Stored Information.* The parties anticipate
that discovery may occur from one or more of the following potential
source(s) of electronically stored information [e.g., email, word
processing documents, spreadsheets, presentations, databases,
instant messages, web sites, blogs, social media, etc.]:**

Plaintiff(s):  Email, word processing documents.

Defendant(s):  Email, text messages from private phones, scheduling
platform, Workpop applications platform, human resources management
system.

**b. *Limitations on Production.* The parties have discussed factors
relating to the scope of production, including but not limited to: (i)
number of custodians; (ii) identity of custodians; (iii) date ranges for
which potentially relevant data will be drawn; (iv) locations of data;
(v) timing of productions (including phased discovery or rolling
productions); and (vi) electronically stored information in the
custody or control of non-parties. To the extent the parties have
reached agreements related to any of these factors, describe below:**

The parties agree that it is premature to determine limitations on
production at this point.  The parties agree to discuss any such limitations
with 30 days of the parties' initial productions of responsive documents.

    **c.** *Form(s) of Production.* **The parties have discussed and agreed to the following regarding the form(s) of productions (e.g., TIFF, pdf, native, etc.):**

    The parties have agreed to form of production specifications, attached hereto as Exhibits A and B.

    **d.** **The parties anticipate the need for judicial intervention regarding the following issues concerning production:**

    The parties are not aware of any anticipated issues at this time.

**8.** **Privileged Material.**

    **a.** *Identification.* **The parties have discussed and agreed to the following method(s) for identification (e.g., individual logging, categorical logging, etc.) and redaction of privileged documents:**

    The parties have agreed to categorical logging of privileged documents.

    **b.** *Inadvertent Production / Claw-Back Agreements.* **Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):**

    The parties agree that any inadvertently produced documents shall be returned to the producing party.

    **c.** **The parties have discussed a 502(d) Order. Yes __; No X The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

    **d.** **The parties anticipate the need for judicial intervention regarding the following issues concerning privileged material:**

    The parties are not aware of any anticipated issues at this time.

**9.** **Cost of Production.**

    **a.** *Costs:* **The parties have analyzed their client's data repositories and have estimated the costs associated with production of electronically stored information. The factors and components underlying these costs are estimated as follows:**

    The parties are still working to analyze relevant costs.

    **b.** *Cost Allocation.* **The parties have considered cost-shifting or cost sharing and have reached the following agreements, if any:**

    Each party will bear its own costs.

    **c.** *Cost Savings.* **The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:**

    The parties have not agreed to any such measures at this time.

    **d.**  **The parties anticipate the need for judicial intervention regarding the following issues concerning the costs of production of electronically stored information:**

    The parties are not aware of any anticipated issues at this time.

**10. Other Issues, if any.**

    None at this time.

The preceding constitutes the agreement(s) reached, and disputes existing (if any), between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.


Party: Equal Employment Opportunity Commission    By:    Renay M. Oliver

                                                             Rebecca F. Izzo

Party: Hillstone Restaurant Group, Inc.           By:    Russell M. Yankwitt

                                                               Cassandra M. Vogel

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on <u>February 7, 2023.</u>

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for _____.

Additional conferences, or written status reports, shall be set for every ___ weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. A joint agenda should be submitted to the Court three (3) business days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court no less than 48 hours in advance of the scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Dated: <u>  February 8  </u>, 20<u>23</u>

SO ORDERED.

_____

ROBERT W. LEHRBURGER
United States Magistrate Judge

# EXHIBIT A

**EEOC Form of Production / Load File Specifications**

## A. Form of Production

As set forth with greater particularity below, some ESI will be produced in native format, while PDF-format and hardcopy documents will be produced in single-page TIFF format (300 DPI resolution) with a delimited DAT file containing the metadata fields outlined in Attachment 1, accompanied by an Opticon (OPT) cross-reference file and corresponding document-level extracted text. Before making a production that does not conform to these specifications, Defendant will meet and confer with EEOC to explain why the production will not conform and explore alternative formats. EEOC uses the Relativity suite of e-Discovery software.

### 1. Email and User-Created Files

Email will be produced in single-page TIFF format (300 DPI resolution) with a delimited DAT file containing the metadata fields outlined in Attachment 1, accompanied by an Opticon (OPT) cross-reference file and corresponding document-level extracted text.

All spreadsheet and presentation files (e.g. Excel, PowerPoint) will be produced in native format with an associated placeholder image. All hidden text (e.g. track changes, hidden columns, mark-ups, notes) will be expanded and rendered in the image file. All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file will be extracted and produced. For purposes of production, the embedded files will be treated as attachments to the original file, with the parent/child relationship preserved. Any data (whether individual files or digital containers) that is protected by a password, encryption key, digital rights management, or other encryption scheme, will be decrypted prior to processing for production, to the extent possible.

### 2.   Social Media

Prior to any production of responsive data from social media (e.g. Twitter, Facebook, LinkedIn, internet-based email accounts, etc.), Defendant will discuss the potential export formats.

### 3.   Redacted Documents

Documents that contain redactions, including any associated family members, will be produced in single-page TIFF format (300 DPI resolution) with corresponding document-level extracted text and a delimited DAT file containing the metadata fields outlined in Attachment 1 to the extent that such metadata fields are not part of the redaction. To the extent Defendant deems production of redacted TIFF images of Excel spreadsheets significantly degrades the usability of the document, the parties will meet and confer regarding alternate production methodologies of the redacted information.

### 4.   Structured Data: Database Systems

Information from structured database systems will be produced through existing report formats available in the associated applications, including but not limited to Microsoft Excel spreadsheet or delimited text format, if available.  If EEOC believes that the format of a produced report is inadequate or does not fully respond to a discovery request, the parties will meet and confer regarding other methods to produce responsive information from the Database Systems.

### 5.   Paper Documents

Documents kept in paper format in the usual course of business will be produced in scanned and logically unitized format. Scanning will be to single-page, TIFF Group IV, 300 dots per inch (dpi). Each page will include the Bates/PageID number at the bottom of the page. The file name for the TIFF image will be the Bates/PageID Number. Scanned documents will also be converted into searchable text using optical character recognition (OCR), extracted and saved as a text file named with the Bates/PageID Number. The OCR will include the Bates/PageID number for each page. The load file (see A.8 below) will include a field for the OCR/Text file path.

### 6. PDF Files

Documents kept in PDF format in the usual course of business will be produced in logically unitized format. Such documents will not be combined, merged, or otherwise joined if they are not so organized in the usual course of business. Files usually maintained in a different file type, but converted to PDF format and produced, will not be accepted.

### 7. "Logically Unitized" Defined

"Logically unitized" means that all pages that belong together as a document, and only those pages, are produced as one document, with relationships such as parent and child attachments maintained. Documents that are bulk-scanned to non-unitized files will not be accepted.

### 8. Load File

Each production will be accompanied by a delimited-load file in .DAT format that establishes the proper document breaks and maintains the parent/child relationships (BegAttach and EndAttach). The load file will use the delimiters identified below and include all applicable data for the fields identified in Attachment 1.

| Value | Character | ASCII Number |
|---|---|---|
| Column | ¶ | 020 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 059 |
| Nested Value | \ | 092 |

The load file should be accompanied by an Opticon (OPT) cross-reference file that references one Bates number per line.

## B. Transmission and Delivery

### 1. Volumes and Folders

Provide separate folders for images, text, and load files. Provide a Volume Number

identifier for each production that is unique and runs in succession from the last volume produced (e.g. VOL001, VOL002, VOL003).

### 2. Acceptable Means of Delivery

Where possible, productions should be delivered by electronic means.  Productions may be delivered by file-sharing services such as Drop Box or Hightail by sending the download link to LitSupport@eeoc.gov with a CC: to Renay Oliver, renay.oliver@eeoc.gov.  Productions of less than 40MB total may be emailed to LitSupport@eeoc.gov with a CC: to renay.oliver@eeoc.gov. Productions greater than 40 MB, or split into multiple emails whose collective size is greater than 40 MB, will not be accepted by email.

Where production by electronic means is not feasible, productions may be saved to external media (CD/DVD, USB drive, external HDD drive) and delivered by UPS or FedEx as directed by Counsel.

### 3. Encryption

Productions may be encrypted using WinZip or PKWare. The Commission will not accept productions that require the installation of other applications to read the data or remove encryption.

**Attachment 1**

**METADATA FIELDS**

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-mail | Other ESI |
|---|---|---|---|---|---|---|
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept. | Text | 160 | x | x | x |
| AUTHOR | Creator of the document | Text | 500 | | | x |
| BEGDOC# | Start Bates (including prefix) - No spaces | Text | 60 | x | x | x |
| ENDDOC# | End Bates (including prefix) - No spaces | Text | 60 | x | x | x |
| PGCOUNT | Page Count | Number | 10 | x | x | x |
| GROUPID | Contains the Group Identifier for the family, in order to group e-mails with their attachments | Text | 60 | | x | x |
| BEGATTACH | Start Bates number of parent document in attachment range | Text | 60 | x | | x |
| ENDATTACH | End Bates number of last attachment in attachment range | Text | 60 | x | x | x |
| REDACTIONS | Identifies whether the document contains redactions. | Boolean | 10 | x | x | x |
| RECORD TYPE | Use the following choices: Image, Loose E-mail, E-mail, E-Doc, Attachment, Hard Copy or Other. If using Other, please specify what type after Other | Text | 60 | x | x | x |
| FROM | Author - format: Last name, First name | Text | 160 | | x | x |
| TO | Recipient- format: Last name, First name | Text – semicolon delimited | Unlimited | | x | x |

| | | | | | | |
|---|---|---|---|---|---|---|
| CC | Carbon Copy Recipients - format: Last name, First name | Text – semicolon delimited | Unlimited | | x | x |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Text – semicolon delimited | Unlimited | | x | x |
| SUBJECT | Subject/Document Title | Text | Unlimited | | x | x |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Text | Unlimited | | x | |
| TEXT FILEPATH | Relative file path of the text file associated with either the extracted text or the OCR | Text | Unlimited | x | x | x |
| DATE TIME SENT | Date Sent (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | |
| DATE TIME CRTD | Date Created (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | x |
| DATE TIME MOD | Date Last Modified (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | x |
| DATE TIME ACCD | Date Accessed (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | x |
| FILE SIZE | Native File Size in bytes | Number | 10 | | | x |
| FILE NAME | File name - name of file as it appeared in its original location | Text | Unlimited | | | x |
| FILE EXTENSION | Extension for the file (e.g. .doc, .pdf, .wpd) | Text | 10 | | x | x |
| FILEPATH | Data's original source full folder path | Text | Unlimited | | x | x |
| NATIVE LINK | Relative file path location to the native file | Text | Unlimited | | x | x |

| FOLDER ID | Hard Copy container information (e.g. folder or binder name) | Text | Unlimited | x | | |
| MD5 HASH | MD5 Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Text | Unlimited | | x | x |

# EXHIBIT B

## EEOC Electronic Database Specifications

Electronic databases should be submitted on a USB drive or other portable hard drive in a format that is readable by Microsoft Excel – e.g. Microsoft Excel Files (.XLS, .XLSX), comma separated values files (.CSV), or comma delimited text file (.TXT) – wherein the first row of the database should contain the field or variable names of the requested information and each subsequent row of the database contains the requested information for each individual identified. Image files (such as PDF or TIFF files) and printed copies of the database do not satisfy this definition of an electronic database.

Where databases were created in electronic format that is widely available, such as Microsoft products, the databases should be produced in native format using a method that will preserve metadata such as creation date and last modified date. Where documents were created in a unique or proprietary format, but where conversion to a common format such as XLS is available, documents should be produced in that common format. Please consult with Exhibit A regarding any production formats.

If any codes are used in the database (e.g. "F" for "Female") please provide in a separate electronic database the definition of all codes.

For databases created in separate systems, please include the unique identifier for each applicant (hire) to match the individuals between systems.

The EEOC is also prepared to discuss methods for de-duplicating documents in an effort to limit unnecessary production costs.