```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
EQUAL EMPLOYMENT OPPORTUNITY                                :
COMMISSION,                                                 :
                                                            :    22-CV-3108 (JLR) (RWL)
                              Plaintiff,                    :
                                                            :
            - against -                                     :
                                                            :        ORDER
                                                            :
HILLSTONE RESTAURANT GROUP, INC.                            :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       This order addresses Plaintiff EEOC's motion to modify the subpoena issued in this age-discrimination case by Defendant Hillstone to non-party LexisNexis (the "Subpoena"), specifically to remove Item 1 on the schedule of documents to be produced. (*See* Dkt. 91.) Item 1 requests "Any and all actual or probable date of birth and/or age data provided directly or indirectly" to the EEOC on or after April 14, 2022, that is related to the instant lawsuit. (Dkt. 91-1 at ECF 4.) Item 1 clarifies that Hillstone seeks only the birth date and/or age data, not production of any underlying communications between EEOC and Hillstone. (*Id.*) LexisNexis has not objected to the Subpoena.

       EEOC claims that the information sought is attorney opinion work product subject to "absolute protection"; that Hillstone has no substantial need for the information sought as it will be produced in conjunction with expert discovery; and that Hillstone "can simply pay Lexis" to obtain substantially equivalent information. Hillstone also cites, among other cases, a bench ruling in *EEOC v. Darden Restaurants, Inc.*, No. 15-CV-20561, ECF

1

No. 173 (S.D. Fla. Oct. 28, 2016), in which the court found a similar request to be work product that the defendant could independently obtain from LexisNexis.  None of these arguments are persuasive.

First, the information sought is purely factual.  Although EEOC claims the data will reveal for which applications EEOC tried to determine the applicants' date of birth, the relevant applicant population is known to both parties:  applicants for front-of-house positions at two restaurants who were over the age of 40.  The Subpoena asks only for the DOB/age data provided; it does not seek any information about EEOC's reasoning for asking for the data in respect to any one employee vs. any other employee, and the data itself will not reveal any.  Nor will the data itself reveal how EEOC extracted "unclear, missing, or ambiguous information from the selected applications."  Again, the Subpoena seeks only the data, which is not like the material deemed to be opinion work product in the cases cited by EEOC.  EEOC's argument also is disingenuous given EEOC's assertion that "All DOBs sought by Item 1 will necessarily be … a part of the EEOC's expert disclosures on January 23, 2026" and "Hillstone will thereby obtain the *exact* equivalent" of the Item 1 data. (Dkt. 91 at 3 (emphasis in original).)  In other words, Hillstone will get the data it seeks, just not now.

Second, Hillstone has substantial need for the data requested so that it can independently investigate the accuracy of the DOB/age data on which EEOC will rely.  Requiring Hillstone to wait until expert discovery to receive the facts – not expert analyses or opinions – would, based on the discovery schedule, impose an artificial time constraint of at most 5 weeks for Hillstone to investigate the accuracy of the data.  Nor can Hillstone acquire the substantial equivalent of the data without undue

hardship. EEOC's suggestion that Hillstone can simply purchase the same data from Lexis is not viable. As Hillstone has demonstrated by declaration (Dkt. 94-1), the LexisNexis terms of use for the data sought would prohibit Hillstone from using the data for litigation and require it to purge the data within 90 days of receipt (*id.* ¶ 7). Despite Hillstone's inquiries, LexisNexis "never agreed to modify its standard contract terms" for Hillstone (*id.* ¶¶ 8-9) (although presumably it did so for EEOC). Those facts also distinguish the case from *Darden*, where the court commented "I don't mean to be flip, but if you want the same information that the EEOC got, contact LexisNexis and pay whatever the fee is and you can get the same report." (Dkt. 91-2 at ECF 10.)

To the extent not discussed above, the Court has considered EEOC's other arguments and finds them to be moot or without merit.

Accordingly, Hillstone's motion to modify the LexisNexis Subpoena is DENIED.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 91.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  May 2, 2025
        New York, New York

Copies transmitted this date to all counsel of record.