UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

- against -

HILLSTONE RESTAURANT GROUP, INC.

Defendant.

---------------------------------------------------------------X

22-CV-3108 (JLR) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The Equal Employment Opportunity Commission ("EEOC") brought this case alleging that Defendant Hillstone Restaurant Group, Inc. ("Hillstone") engaged in a pattern and practice of age-based discriminatory treatment against prospective front-of-house employees in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a). Before the Court is EEOC's letter motion at Dkt. 123 for a protective order, pursuant to Federal Rules of Civil Procedure 26(b)(1) and (c)(1), prohibiting testimony on Topics 6-13 of Hillstone's 30(b)(6) notice of deposition of EEOC (the "Topics"). The Topics seek information about EEOC's practices and policies concerning internal training of EEOC employees about avoiding age discrimination in hiring. (Dkt. 123-1 at ECF 6-7 (Topics 6-13).) As the Court finds good cause for relief, EEOC's motion is GRANTED in part and DENIED in part.

In evaluating the motion, the Court takes into account the extent to which the information sought is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). While the Court has considered all factors, the parties focus their arguments on relevance and importance. The Court's discussion therefore focuses on those particular factors as well.

EEOC asserts that its practices and policies with respect to its own employees are irrelevant to the determination of whether or not Hillstone engaged in age discrimination in violation of the ADEA. (Dkt. 123 at 1.) In support of its position, EEOC cites several cases decided by district courts in other circuits that denied similar discovery requests by other defendants in discrimination cases brought by the EEOC. (*Id.* at 1-2.) EEOC acknowledges that there are out-of-circuit cases, as well as one case from this District, that granted such discovery, but contends that they are distinguishable. (*Id.* at 2-3.)

In opposition, Hillstone argues that "to the extent the EEOC – the only agency responsible for ADEA enforcement … – does not itself provide the training it claims Hillstone lacks, that is probative of whether the ADEA requires such training at all and, by extension, whether Hillstone's practices were compliant." (Dkt. 124 at 2.) Hillstone urges the Court to follow the decision in *EEOC v. Bloomberg L.P.*, No. 07-CV-8383, 2010 WL 3260150 (S.D.N.Y. Aug. 4, 2010), which allowed discovery of certain EEOC practices. Hillstone further argues that the distinctions EEOC attributes to *Bloomberg* and other cases are immaterial. (Dkt. 124 at 2-3.)

For the most part, the Court agrees with EEOC that the information sought has little to no probative value and that the Topics are a proverbial fishing expedition. Whether

or not EEOC is compliant with the ADEA does not bear on whether Hillstone is compliant. *See, e.g.*, *EEOC v. OhioHealth Corp.*, No. 2:13-CV-780, 2014 WL 5323068, at *4-5 (S.D. Ohio Oct. 17, 2014) ("The EEOC's actions as an employer … are simply not relevant to this case …. The EEOC's own internal policies or practices as an employer simply are not relevant to this action"); *EEOC v. JBS USA, LLC*, No. 8:10-CV-318, 2012 WL 169981, at *6 (D. Neb. Jan. 19, 2012) ("The court also fails to see the relevance of [deposition] Topic 19, which requests testimony regarding requirements, policies, practices, guidelines or procedures approved by the EEOC relating to the religious accommodations of its Muslim employees. This case does not involve questions of whether the EEOC failed to accommodate the religious practices of its employees" (internal quotation marks and citation omitted)).

The Court is not persuaded by Hillstone's reliance on *Bloomberg*. There, EEOC alleged that defendant failed to provide reasonable accommodations to pregnant employees. The court permitted requests to admit whether EEOC provided on-site child care or lactation rooms at its offices during the class period. *Bloomberg*, 2010 WL 3260150, at *3. The court stated that "[t]he way EEOC's offices complied with Title VII during the class period may be probative of whether Bloomberg should have viewed Bloomberg's own practices as Title VII compliant or not." *Id.* The decision cited no legal authority in which other courts permitted similar discovery. Instead, the court distinguished the two cases cited by EEOC, both of which, unlike the cases EEOC cites here, involved litigation between ***private*** actors, not an enforcement action brought by a government agency. *Id.*

The Court is aware of three cases that have cited *Bloomberg* with respect to the issue presented here. (*See* Dkt. 123 at 2 (EEOC motion citing or discussing those cases).) Each of these cases distinguished *Bloomberg* and denied the defendants' discovery requests regarding EEOC's internal employment practices and policies for its employees. *See EEOC v. Enterprise Leasing Company of Florida, LLC*, No. 0:23-CV-61744, 2024 WL 1210364 (S.D. Fla. Mar. 21, 2024); *EEOC v. Sunshine Raisin Corp.*, No. 1:21-CV-01424, 2023 WL 5596004 (E.D. Cal. Aug. 29, 2023), *on reconsideration in part*, 2023 WL 7926209 (E.D. Cal. Nov. 16, 2023); *EEOC v. Texas Roadhouse, Inc.*, No. 11-CV-11732, 2015 WL 13676686 (D. Mass. Apr. 3, 2015).

In *Texas Roadhouse*, the defendants sought information (via document requests, an interrogatory, and requests to admit) about EEOC's hiring practices with respect to interns, entry level positions, and honor program positions. 2015 WL 13676686, at *1-2. The court observed that the four cases cited by the defendant in support of permitting similar discovery, including *Bloomberg*, "are inapposite."[1] *Id.* at *2-4. Regarding *Bloomberg*, the court noted that the decision did not cite any case in support of its ruling, and distinguished *Bloomberg* because "it is apparent from the court's reasoning that the court assumed that Bloomberg knew about the EEOC's practices and relied on them in developing its own policies." *Id.* at *2. In contrast, Hillstone has not suggested that it

[1] The three other cases distinguished by *Texas Roadhouse* are *EEOC v. BMW Manufacturing, Co., LLC*, No. 7:13-CV-1573, 2014 WL 12614419 (D.S.C. Dec. 9, 2014); *EEOC v. Freeman*, No. 09-CV-2573, 2012 WL 3536752 (D. Md. Aug. 14, 2012); *EEOC v. Kaplan Higher Education Corp.*, No. 1:10-CV-2882, 2011 WL 2115878 (N.D. Ohio May 27, 2011).

relied on EEOC's own practices.[2] The *Texas Roadhouse* court also distinguished the three other cases as each concerning a "business necessity" defense, something that was not at issue in *Texas Roadhouse* and is not at issue here. *Id.* at *3.

In *Sunshine Raisin*, a sexual harassment case, one of the defendant's 30(b)(6) deposition topics sought information about how EEOC investigates sexual harassment claims made by its own employees. 2023 WL 7926209, at *3-4. The Magistrate Judge cited *Bloomberg* favorably and allowed the topic. *See* 2023 WL 5596004, at *5. On "reconsideration," however, the District Judge held that the topic "constitutes a fishing expedition" because the defendant did "not assert that its investigatory policies or practices were informed in any way by how the EEOC investigates sexual harassment of its own employees." 2023 WL 7926209, at *4. The court further explained that:

> The differences between federal employees [who are subject to particular administrative processes] and [private defendant]'s employees, matter. These differences demonstrate that the 30(b)(6) deposition will not lead to admissible evidence, and it is not proportional to the needs of this case. Thus, the decision allowing the deposition as to this category is contrary to law.

*Id.* Although *Sunshine Raisin* did not mention *Bloomberg*, its holding implicitly rejects it.

Finally, in *Enterprising Leasing*, EEOC brought an ADEA claim, similar to the one here, alleging that the defendant "intentionally fails to hire individuals for management trainee positions based on an individual's age." 2024 WL 4599705, at *1. The defendant

---

[2] Hillstone asserts that the court in *Bloomberg* "did not rely on any claim that Bloomberg 'relied' on EEOC's practices." (Dkt. 124 at 1.) The Court finds *Bloomberg* at least ambiguous in that respect; however, the *Bloomberg* court did note that Bloomberg "represents in its papers that this [i.e., the way EEOC complied with Title VII] is a defense it intends to raise in this action," not merely one that it ***might*** raise. 2010 WL 3260150, at *3 n.2.

requested documents concerning EEOC's hiring programs and practices and advanced an argument similar to Hillstone's, arguing that "since the EEOC is an agency charged with policing unlawful hiring practices and should be a model employer, [defendant] wishes to compare its hiring practices to those of the EEOC." *Id.* at *4. The court distinguished the immediate case from *Bloomberg* because, as here, the defendant "has not argued, for example, that it modeled its hiring practices on the EEOC's hiring practices believing that the EEOC could not violate the ADEA." *Id.* The court further observed that "[c]ourts have held that, at least in disparate treatment cases," such as here, "evidence of the EEOC's employment practices is irrelevant and is not discoverable." *Id.* The court then distinguished disparate impact cases that included a "business necessity" defense, where "evidence of the EEOC's employment practices may be relevant." *Id.*

In sum, the Court is persuaded by the cases that denied discovery requests concerning EEOC's hiring policies and practices with respect to its own employees, similar to those Topics requested by Hillstone. Topics 6-11 and 13 fall into that category and will not be permitted. Topic 12, however, is different in kind as it focuses on EEOC's standards, benchmarks, guidelines and best practices that are applicable to ***all*** employers, not just EEOC. (Dkt. 123-1 at ECF 7 ¶ 12.) Topic 12 is therefore allowed.

**CONCLUSION**

For the foregoing reasons, EEOC's motion for a protective order is granted with respect to 30(b)(6) Topics 6-11 and 13, and is denied with respect to Topic 12. To the extent not discussed above, the Court has considered the parties' arguments and finds them to be moot or without merit.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 123.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2026
New York, New York